**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:

HERZOG CONTRACTORS, INC., Case No. 2:25-bk-02043-FMR

Debtor. Chapter 7

_________________________________________/

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at the George C. Young Federal Annex, or the Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 (Fort Myers Division filings are made through the Tampa Division office), within twenty-one (21) days from the date of the attached certificate of service, plus an additional three (3) days if this paper was served on any party by U.S. Mail. If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the matter will be set for hearing with notice only to you and the movant. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in this paper and may grant or approve the request without further notice or hearing.**

# TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING COMPROMISE OF CONTROVERSY WITH MARY FOLEY PURSUANT TO FED. R. BANKR. P. 9019

Richard Dauval, the duly-appointed and acting Chapter 7 Trustee (the “Trustee”) for the bankruptcy estate (the “Estate”) of Herzog Contractors, Inc. (the “Debtor”), by and through undersigned counsel, and pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a), hereby moves this Court for entry of an order approving a compromise of controversy with Mary Foley (“Foley”), and in support states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 105(a).

## II. BACKGROUND

3. The Debtor commenced this case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 15, 2025 (the "Petition Date").

4. Richard Dauval was appointed and continues to serve as the Chapter 7 Trustee of the Estate.

5. Among the assets of the Estate is a construction lien held by the Debtor against real property owned by Mary Foley and located at 5135 Joewood Drive, Sanibel, Florida 33957, which is Foley's homestead (the "Foley Property"). The lien, recorded July 3, 2024, as Instrument No. 2024000189466 in the Official Records of Lee County, Florida, arose from construction and remodeling services the Debtor performed at the Foley Property pursuant to a contract between the Debtor and Foley, under which the Debtor claimed a total contract value of $67,700.00, of which $40,000.00 remained unpaid after crediting a $27,000.00 deposit. The Debtor scheduled the lien with a current value of $40,000.00.

6. Prior to the Petition Date, the Debtor commenced an action styled *Herzog Contractors, Inc. v. Mary O'Callaghan Foley, Myleen Lankford, Thomas Foley, and Gretchen Van Brackle*, Case No. 2024-CC-009288, pending in the Circuit Civil Court for Lee County, Florida (the "State Court Action"), seeking to foreclose the lien and to recover the $40,000.00

balance the Debtor contends is due under the construction contract, together with interest, attorneys' fees, and costs.

7. On May 12, 2026, Foley filed Claim No. 2-1 on the claims register in this case, asserting a general unsecured, non-priority claim against the Estate in the amount of $51,966.43 (the "Foley Claim"). The stated basis for the Foley Claim is legal fees and costs Foley contends she incurred defending against the lien, which she alleges was fraudulently filed by the Debtor. The billing records attached to the Foley Claim reflect legal fees incurred over more than a year, from approximately January 2025 through March 2026.

8. Following investigation of the Estate's interest in the lien and of the Foley Claim, and in light of the risk, expense, and delay associated with continued prosecution of the State Court Action — including the practical and legal obstacles attendant to collecting on a lien against Foley's homestead property, and the risk that the Estate could be found liable on the Foley Claim without any offsetting recovery — the Trustee, through counsel, negotiated a resolution of these disputes with Foley, through her counsel, Michael D. Randolph, Esq. of GrayRobinson, P.A., subject to this Court's approval, on the terms set forth below (the "Settlement").

## III. TERMS OF SETTLEMENT

9. The material terms of the Settlement are as follows:

   a. **Purchase Price.** Foley shall pay the sum of $4,000.00 (the "Purchase Price") to the Trustee, for the benefit of the Estate, within thirty (30) days of entry of an order approving this Motion.

   b. **Sale and Assignment of Lien.** In exchange for the Purchase Price, the Trustee shall sell, transfer, and assign to Foley, free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f), all of the Estate's right, title, and interest in and to the lien against the Foley Property, together

with any and all claims of the Estate against Foley arising from or related to the lien or the State Court Action.

c. **Withdrawal of Claim.** Foley shall withdraw, with prejudice, Claim No. 2-1 (in the amount of $51,966.43) and any and all other claims filed or scheduled against the Estate in this bankruptcy case.

d. **Dismissal of State Court Action.** The Trustee and Foley shall cooperate in the dismissal, with prejudice, of all claims and counterclaims pending between the Debtor and Foley in the State Court Action that relate to the lien, with each party to bear its own attorneys' fees and costs incurred therein.

e. **Mutual Releases.** Except as to the obligations created by the Settlement itself, the Trustee and Foley shall exchange mutual releases of all claims relating to the lien and the State Court Action.

f. **Fees and Costs.** Each party shall bear its own attorneys' fees and costs incurred in connection with the lien, the State Court Action, and this Settlement.

## IV. BASIS FOR RELIEF

10. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure authorizes the Court to approve a compromise or settlement on motion of the trustee after notice to creditors and other parties in interest.

11. In determining whether to approve a proposed compromise, courts in the Eleventh Circuit consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views regarding the settlement. *See In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

12. Applying these factors, the Trustee submits that the Settlement is fair, reasonable, and in the best interests of the Estate and its creditors:

a. **Probability of Success.** While the Estate's lien is scheduled at $40,000.00, its validity is directly disputed: Foley contends the lien was fraudulently filed by the Debtor and has filed the Foley Claim, in the amount of $51,966.43, for legal fees and costs incurred defending against it. If the Estate were to litigate the lien to conclusion and Foley's allegations were sustained, the Estate could face liability on the full amount of the Foley Claim while realizing no recovery on the lien at all — a substantially worse outcome than the Settlement. Conversely, even if the Estate prevailed, it would still bear the cost and delay of further litigation with no certainty of collecting more than the Purchase Price.

b. **Difficulty of Collection.** Foley is an individual, and the Foley Property is her homestead, which presents substantial practical and legal obstacles to enforcement or foreclosure of the lien under Article X, Section 4 of the Florida Constitution and Florida law. A certain, immediate cash recovery is accordingly of greater value to the Estate than pursuit of a contested and potentially unenforceable lien against homestead property.

c. **Complexity, Expense, and Delay.** The billing records attached to the Foley Claim reflect over a year of litigation activity generating legal fees in excess of $50,000.00, illustrating that this is not a dispute that can be resolved quickly or inexpensively. Continued prosecution of the State Court Action would require the Estate to incur further legal fees and costs, with an uncertain timeline for resolution. The Settlement resolves the dispute promptly and without further litigation expense.

d. **Interests of Creditors.** The Settlement brings a certain, immediate recovery of $4,000.00 into the Estate for distribution to creditors and eliminates the Foley Claim of $51,966.43 — an amount that, if allowed, would more than double the pool of general unsecured claims against the Estate (which otherwise totals approximately $25,216.44) and substantially dilute recoveries to other unsecured creditors. The Trustee, in the exercise of his business judgment, believes the Settlement is in the best interests of the Estate and its creditors.

13. For these reasons, the Trustee submits that the Settlement satisfies the Justice Oaks factors and should be approved under Rule 9019(a).

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (i) approving the Settlement on the terms set forth herein; (ii) authorizing the Trustee to execute any documents necessary to consummate the Settlement, including a sale and assignment of the lien free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f); and (iii) granting such other and further relief as the Court deems just and proper.

Dated: August 13, 2026.

Respectfully submitted,

/s/ Katelyn M. Vinson, Esquire
Katelyn M. Vinson, Esq.
FBN: 122774
LeavenLaw
3900 1st Street North, Suite 100
Saint Petersburg, FL 33703
727-327-3328

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 13, 2026, a true and correct copy of the foregoing Motion was served via the Court's CM/ECF electronic filing system on all parties

registered to receive electronic notice in this case, including the United States Trustee, Debtor's Counsel Michael R. Dal Lago at mike@dallagolaw.com, and counsel for Mary Foley, Michael D. Randolph, Esq. of GrayRobinson, P.A. at Michael.Randolph@gray-robinson.com, and by U.S. Mail, postage prepaid, on all other parties included on the attached Mailing Matrix.

/s/ Katelyn M. Vinson
Katelyn M. Vinson, Esq.